1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   BRIAN CARTER,                          CASE NO. 1:07-cv-00586-OWW-SMS PC

10              Plaintiff,                  ORDER DISMISSING COMPLAINT, WITH
                                           LEAVE TO AMEND WITHIN THIRTY DAYS
11       v.
                                           (Doc. 1)
12   MTA LOWERY, et al.,

13              Defendants.
     _____/

14

15   I.      Screening Order

16           A.      Screening Standard

17           Plaintiff Brian Carter ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18   in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 16, 2007.

19            The court is required to screen complaints brought by prisoners seeking relief against a

20   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

23   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

24   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

25   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

26   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

27           "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

28   exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  <u>Id</u>. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

      B.    <u>Plaintiff's Claims</u>

      The events at issue in this action allegedly occurred at Wasco State Prison, where plaintiff was housed at the time.  Plaintiff names the Director of the California Department of Corrections and Rehabilitation, the Warden of Wasco, Medical Technical Assistant Lowery, Birkholm Prosthetics, Dr. Dielo, K. Cloud, A. S. Altnow, C. Gipson, and Dr. Win as defendants.  Plaintiff is seeking money damages and injunctive relief.

      Plaintiff alleges that he arrived at Wasco on April 13, 2005, and put in a request for repair of his prosthetic leg on April 16, 2005.  Plaintiff's claims arise from his attempts to get his prosthesis repaired or replaced.  Plaintiff alleges that he was forced to endure great pain and discomfort due first to the damaged prosthesis and then due to the ill-fitting replacement he was given.  Plaintiff alleges that by the time he was transferred to the California Correctional Institution on December 28, 2005, his pain and suffering had worsened and he could not walk without a cane.  Plaintiff

alleges claims for violation of the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment, and an unspecified claim for violation of the Fourteenth Amendment/section 815.4.

       1.   <u>Claim One</u>

Under claim one, plaintiff asserts claims for violation of the Eighth Amendment and the Equal Protection Clause.

       a.   <u>Eighth Amendment Claim</u>

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

"Deliberate indifference is a high legal standard." <u>Toguchi</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id</u>. at 1057 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id</u>. (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Under section 1983, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Hydrick v. Hunter</u>, No. 03-56712, 2007 WL 2445998, *5 (9th Cir. Aug. 30, 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he

1   'requisite causal connection can be established not only by some kind of direct, personal
2   participation in the deprivation, but also be setting in motion a series of acts by others which the
3   actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id.
4   (quoting Johnson at 743-44).

5          Plaintiff has not alleged any facts which would support a claim that any of the named
6   defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511
7   U.S. at 837.  Plaintiff alleges only that defendant Lowery attempted to repair his prosthesis on April
8   28, 2005; that defendant Birkholm Prosthetics determined he needed a new prosthesis on May 10,
9   2005, but delivered it two months late and failed to provide plaintiff with a stump sock; that
10  defendant Dielo said he would meet plaintiff to realign his prosthesis but then failed to do so; and
11  that defendant Cloud denied his request to be seen by defendant Dielo, stating that the contract with
12  Birkholm had been renewed and plaintiff would be put on a list to be been seen.  Although accepted
13  as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative
14  level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).
15  Further, plaintiff's complaint does not set forth any allegations against the Director, the Warden, or
16  defendants Altnow, Gipson, and Win.   Accordingly, plaintiff's complaint fails to state any
17  cognizable claims for relief for violation of the Eighth Amendment.

18                         b.    Equal Protection Claim

19         The Equal Protection Clause requires that persons who are similarly situated be treated alike.
20  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  Although plaintiff
21  alleges that defendants violated the Equal Protection Clause of the Fourteenth Amendment,
22  plaintiff's complaint is devoid of any facts supporting a claim that defendants intentionally
23  discriminated against him by treating him differently than other similarly situated individuals.
24  Accordingly, plaintiff fails to state an equal protection claim.

25              2.    Claim Two

26         Finally, plaintiff alleges that defendants violated his rights under the Fourteenth Amendment
27  of the United States Constitution, which establishes a duty of care pursuant to section 815.4.  It is
28  unclear where the section cited to by plaintiff is found, as it is not the Constitution.  It is likely a

                                        4

California code section.  However, the language quoted by plaintiff is also not found in California Government Code section 815.4 or California Civil Code section 815.4.  It is plaintiff's responsibility to correctly and completely set forth his legal claims.  The court declines to undertake an exhaustive search in an effort to locate what code contains the section and language quoted by plaintiff.  The Fourteenth Amendment does not set forth a duty of care owed to plaintiff under the statutory section cited.  Therefore, plaintiff's claim two is not cognizable.

C.    Conclusion

Plaintiff's complaint does not state any claims upon which relief may be granted under section 1983.  The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

With respect to supervisory personnel such as the Director and the Warden, plaintiff is advised that under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior.  When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either:  personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and

///

5

1    is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir.

2    1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

3            Finally, plaintiff is advised that an amended complaint supercedes the original complaint,

4    Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

5    (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

6    pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

7    complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

8    to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

9    1474.

10           Accordingly, based on the foregoing, it is HEREBY ORDERED that:

11    1.       Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim

12            upon which relief may be granted under section 1983;

13    2.       The Clerk's Office shall send plaintiff a civil rights complaint form;

14    3.       Within **thirty (30) days** from the date of service of this order, plaintiff shall file an

15            amended complaint; and

16    4.       If plaintiff fails to file an amended complaint in compliance with this order, the court

17            will recommend that this action be dismissed, with prejudice, for failure to state a

18            claim upon which relief may be granted.

19

20    IT IS SO ORDERED.

21    **Dated:    September 10, 2007**            **/s/ Sandra M. Snyder**

22                                            UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

                                            6