# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CARTER, | CASE NO. 1:07-cv-00586-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| MTA LOWERY, et al., | (Doc. 21) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |
| _____/ | |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.      Procedural History**

Plaintiff Brian Carter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 16, 2007. On September 10, 2007, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim.  Plaintiff filed an amended complaint on November 13, 2007, and on May 5, 2008, the Court dismissed the amended complaint for failure to state a claim and granted Plaintiff one final opportunity to amend.  Pending before the Court is Plaintiff's second amended complaint, filed September 15, 2008.

**II.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**III.   Plaintiff's Second Amended Complaint**

Plaintiff alleges that while he was housed at Wasco State Prison, Defendants Nancy Faulkender, Dr. Dielo, Dr. Khin Win, Sandra Bozarth, and K. Cloud violated his rights under the Eighth Amendment of the United States Constitution by acting with deliberate indifference to a substantial risk of harm to Plaintiff, an amputee who relies on a prosthetic leg.  Plaintiff seeks damages from the State of California, the California Department of Corrections and Rehabilitation, and the aforementioned defendants for the violation of his rights.[1]

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096

---

[1] "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities," Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted), and the State and CDCR are entitled to dismissal from this suit, separate and apart from Plaintiff's failure to any Eighth Amendment claims.

(9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  <u>Id.</u> (citing <u>McGuckin</u>, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  <u>Id.</u> (citing <u>McGuckin</u> at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  <u>McGuckin</u> at 1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . ."  <u>Id.</u> at 1965 (citations omitted).

Plaintiff's second amended complaint is devoid of any facts supporting his claim that Defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard."  <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  <u>Id.</u> at 1057 (quoting <u>Farmer</u>, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  <u>Id.</u> (quoting <u>Gibson v. County</u>

1  of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  Plaintiff's conclusory recitation of

2  portions of the Armstrong Remedial Plan and his generalized assertions concerning the repair or

3  replacement of inmates' appliances fall well short of identifying what each named defendant did or

4  did not do which violated his rights under the Eighth Amendment.  Because Plaintiff was previously

5  given notice of the deficiencies in his claims and provided with the opportunity to amend, further

6  leave to amend is not warranted.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

7  **IV.    Conclusion and Recommendation**

8          For the reasons set forth herein, the Court HEREBY RECOMMENDS that this action be

9  dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section

10  1983.

11          These Findings and Recommendations will be submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

13  **days** after being served with these Findings and Recommendations, Plaintiff may file written

14  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

15  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

16  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

17  1153 (9th Cir. 1991).

19  IT IS SO ORDERED.

20  **Dated:    February 3, 2009**                    **/s/ Sandra M. Snyder**
                                             UNITED STATES MAGISTRATE JUDGE

4